## Colosimo v. State Automobile Mutual Insurance Company

*Henry Hudson*, for plaintiff.

*Joseph J. Bosick*, for State Automobile Mutual Insurance Company.

*Carl E. Fisher*, for Nationwide Insurance Company.

*Rabe F. Marsh, III*, for Pennsylvania Assigned Claims Bureau.

LOUGHRAN, *J.*, February 21, 1979—

## HISTORY AND DISCUSSION

This action in assumpsit was brought by Richard Colosimo against State Automobile Insurance Company to recover benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., and counsel fees. State Automobile Insurance Company insured the vehicle plaintiff was driving at the time of the accident but contended plaintiff was an "insured" under the policy of his stepfather John Rebosky and his mother with whom he resided, and therefore joined Nationwide Insurance Company,

John Rebosky's insurer, as an additional defendant. Plaintiff owned an automobile at the time of the accident which was uninsured, and Nationwide joined Pennsylvania Assigned Claims Bureau as an additional defendant.

A non-jury trial was heard before Honorable Charles H. Loughran on January 29, 1979. The testimony taken of the witnesses revealed that the vehicle owned by plaintiff Richard Colosimo had been damaged some months prior to this accident, and although repairable, had not been repaired and was not operable on October 13, 1977.

When this accident occurred October 13, 1977, plaintiff was operating the vehicle of Daniel Morgan, which was insured by State Automobile Mutual Insurance Company, with the consent of Daniel Morgan.

As a result of the accident of October 13, 1977, plaintiff sustained multiple injuries and claim is being made for medical expenses and work-loss benefits as an unemployed.

The testimony further revealed that plaintiff Richard Colosimo at the time of the accident on October 13, 1977, was making his home at the residence of his mother and stepfather while planning on finding other accommodations. Prior to returning to the home of his mother and stepfather, he had resided in the City of Pittsburgh while employed there. At the time of the accident, he had been at the home of his mother and stepfather for several months.

The source of basic restoration benefits is set forth in section 204(a) of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.204(a), as follows:

"(a) Applicable security.—The security for the

payment of basic loss benefits applicable to an injury to:

"(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

"(2) an insured is the security under which the victim or deceased victim is insured;

"(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

"(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

"(5) any other individual is the applicable assigned claims plan."

The issues raised by the parties are (a) whether claimant is an "insured" under the policy of his stepfather thereby falling under subparagraph (2); or (b) whether claimant is not such an insured thereby falling under subparagraph (3); or (c) whether ownership of an uninsured vehicle by claimant places him under subparagraph (5).

The State Automobile Basic Personal Injury Protection Endorsement provides (defendant's exhibit

B): "In accordance with the Pennsylvania No-Fault Motor Vehicle Insurance Act, the company will pay any or all personal injury protection benefits . . . for bodily injury to an eligible person due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle."

However, the exclusions to the policy provide that: "This coverage DOES NOT APPLY to bodily injury to: . . .

"(d) *Any person,* except the named insured or any relative, if entitled to Pennsylvania personal injury protection coverage . . . as a *named insured* or *relative* in *another insurance policy.*" (Emphasis supplied.)

In the Nationwide Basic Personal Injury Protection Endorsement 1232, Nationwide contracts to pay personal injury protection benefits for bodily injury to the named insured and his relatives, regardless of who is at fault in the accident. The word "relative" in the Nationwide policy is defined as: "Your spouse, *anyone* related to you by blood, *marriage,* or adoption . . . and is a *resident of your household.*" (Emphasis supplied.)

It should also be noted that the Nationwide policy has an exclusion almost identical to State Automobile exclusion (d) above.

Plaintiff, Richard Colosimo, is covered as a relative by the Nationwide policy issued to his stepfather, John Rebosky. "Relative" is defined as "a person connected by blood or marriage." Webster's New Twentieth Century Dictionary, Unabridged (Second Edition). Clearly, Richard Colosimo is a relative of John Rebosky. The above-enumerated insurance policies are in harmony with Pennsylvania's No-fault Motor Vehicle Insurance Law, 40

P.S. §1009.101 et seq. Section 1009.204 defines the source of basic restoration benefits. It states in pertinent part that: "(a) . . . The security for the payment of basic loss benefits applicable to an injury to: . . .

"(2) An *insured* is the security under which the victim or deceased victim is insured." (Emphasis supplied.)

Section 1009.103 defines "insured" as:

"(B) [A] spouse *or other relative* of a named insured . . . if—

"(i) not identified by name as an insured in any other contract of basic restoration insurance complying with this act; and

"(ii) in residence in the same household with a named insured.

"An individual is in residence in the same household if he usually makes his home in the same family unit, even though he temporarily lives elsewhere." (Emphasis supplied.)

After hearing the testimony taken in the non-jury trial on January 29, 1979, the court is of the opinion that plaintiff, Richard Colosimo, was a relative on October 13, 1977, the date of the accident, of his stepfather, John Rebosky, as the term, "relative," is defined in the Basic Personal Injury Protection Endorsements of both the State Automobile Mutual Insurance Company policy and the Nationwide Insurance Company policy.

On October 13, 1977, the date of the accident, plaintiff, Richard Colosimo, was a resident in the household of the Nationwide Insurance Company's insured, John Rebosky.

John Rebosky, the insured of Nationwide Insurance Company, was the owner of an Oldsmobile,

which was insured by Nationwide Insurance Company on October 13, 1977, the date of the accident.

Accordingly, both policies conform with the No-fault Act by assuming primary coverage of a relative living in the same household with a named insured. The State Automobile policy correctly denied coverage when the injured party was covered as an insured relative in another policy. As a result, the Nationwide Insurance Company policy provides primary coverage for the injuries sustained by plaintiff, Richard Colosimo.

Issue has been made of the fact claimant was the owner of a registered vehicle which he did not insure as required by the No-fault Act, and therefore should be covered only by the Pennsylvania Assigned Claims Bureau under subparagraph (5). It is argued that coverage otherwise than by the assigned claims plan rewards the person who violates the No-fault Act by failing to obtain the insurance coverage mandated. Since the trial of this action, the court has become aware of a decision by the Superior Court filed December 20, 1978, but not yet published in the Advance Sheets, being Hayes v. Erie Insurance Exchange, _____ Pa. Superior Ct. _____, _____ A. 2d _____ (1979), ruling that this argument should be directed to the legislature not the court. This opinion is binding on this court and in accordance with such ruling, the benefits available cannot be shifted to the Pennsylvania Assigned Claims Bureau.

Finally, claim is also made for counsel fees on behalf of the claimant. The No-fault Act at §107(3) provides: "If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any

significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

Under this section, the court may award reasonable counsel fees, but only where the court determines the obligor has denied the claim without reasonable foundation. In the instant case, there is reasonable foundation for the denial by all three potential obligors. The case law available for guidance of claimants, obligors and the trial courts is minimal. The act itself has many inconsistencies. The issues here involved were all of first impression until the opinion in Hayes v. Erie Insurance Exchange, supra, which still is not published in the readily available Advance Sheets, and which involves one of the issues only. This holding and refusal by this court of counsel fees is supported by the Superior Court in Hayes v. Erie Insurance Exchange, supra, where refusal of counsel fees was affirmed.

## DECREE

And now, February 21, 1979, the court finds in favor of plaintiff, Richard Colosimo, against additional defendant, Nationwide Insurance Company only. It is ordered that additional defendant, Nationwide Insurance Company, immediately begin to honor its obligations under the Pennsylvania No-fault Motor Vehicle Insurance Act to plaintiff, Richard Colosimo.

The court finds in favor of defendant, State Automobile Mutual Insurance Company, and additional defendant, Pennsylvania Assigned Claims Bureau, on plaintiff's claim.

It is further ordered and decreed that this court finds that the denial of plaintiff's claim was with reasonable foundation and refuses to award plaintiff's claim for attorney's fees against any of defendants.